IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| R.B. BROWN, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1075-D |
| | § | |
| MARY BELTON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by R.B. Brown, Jr. against two court reporters who allegedly refused to transcribe the proceedings from his state criminal trial. On May 23, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed on limitations grounds.

II.

In 2000, plaintiff was indicted by a Dallas County grand jury for aggravated assault with a deadly weapon. The case proceeded to trial in November 2000. Following his conviction, plaintiff filed a *pro se* notice of appeal. When plaintiff requested a copy of the trial transcript, the court

reporters -- Mary Belton and Oralia Guzman -- allegedly refused to transcribe the proceedings. Plaintiff contends that the refusal of defendants to file a transcript violated his right of access to the courts and his right to an appeal. By this suit, plaintiff seeks $1.3 million in damages from defendants.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court *sua sponte* determines that this action is barred by limitations. In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987). In his complaint, plaintiff alleges that defendants refused to transcribe the proceedings from a state criminal trial held in November 2000. (*See* Plf. Compl. at 1). Plaintiff filed a *pro se* notice of appeal on December 13, 2000. (*Id.*, Exh. 2). The appeal was dismissed on May 14, 2002. *See Brown v. State*, No. 05-01-00090-CR, 2002 WL 980092 (Tex. App. -- Dallas, May 14, 2002). Yet plaintiff did not file the instant suit until May 23, 2011 -- more than *nine years* later. It is clear from the face of the pleadings that this action is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

C.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*,

879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

This is the *fifth* civil rights action filed by plaintiff arising out of his 2000 trial and conviction for aggravated assault with a deadly weapon.[1] Two cases were summarily dismissed on initial screening. *Brown v. Bowles*, No. 3-01-CV-2158-G, 2001 WL 1672260 (N.D. Tex. Dec. 28, 2001); *Brown v. Hawkins*, No. 3-02-CV-0143-P, 2002 WL 484679 (N.D. Tex. Mar. 26, 2002). One case was dismissed on summary judgment. *Brown v. Belton*, No. 3-01-CV-1823-L, 2003 WL 21517357 (N.D. Tex. Apr. 11, 2003). The magistrate judge recently recommended the dismissal on jurisdictional grounds of another case filed the same day as the instant action. *Brown v. Smith*, No. 3-11-CV-1076-N-BD (N.D. Tex. May 24, 2011). Accordingly, plaintiff should be warned that sanctions will be imposed if he files another lawsuit involving his 2000 trial and conviction for aggravated assault with a deadly weapon. In addition to monetary penalties, such sanctions may include an order barring plaintiff from filing any civil actions in federal court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be warned that sanctions will be imposed if he files another lawsuit involving his 2000 trial and conviction for aggravated assault with a deadly weapon.

---

[1] Plaintiff also challenged his aggravated assault conviction in three different federal habeas proceedings brought under 28 U.S.C. § 2254. Two cases were dismissed for failure to exhaust state remedies. *Brown v. Dretke*, No. 3-04-CV-0114-K, 2004 WL 292140 (N.D. Tex. Feb. 2, 2004), *rec. adopted*, 2004 WL 633204 (N.D. Tex. Feb. 19, 2004); *Brown v. Dretke*, No. 3-05-CV-0644-H, 2005 WL 840257 (N.D. Tex. Apr. 12, 2005), *rec. adopted*, 2005 WL 1025962 (N.D. Tex. Apr. 29, 2005). One case was dismissed on limitations grounds. *Brown v. Quarterman*, No. 3-06-CV-1821-K, 2007 WL 949800 (N.D. Tex. Mar. 28, 2007), *COA denied*, No. 07-10513 (5th Cir. Feb. 19, 2008).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 26, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE